DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By: MOLLIE KORNREICH
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-3274
Email: mollie.kornreich@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                           :
                    Plaintiff,             :
          v.                               :
                                           :        **COMPLAINT**
N and M FOOD WHOLESALE SUPPLY, INC.,       :
d/b/a N&M FOOD WHOLESALE SUPPLY, INC.,     :        23 Civ. 4386
AHMED OMAR, ELSAYED HALIM, and             :
ASHRAF MOUSA,                              :
                    Defendants.            :
------------------------------------------------------------x

        Plaintiff, the United States of America ("United States"), by its attorney, Damian Williams,

United States Attorney for the Southern District of New York, alleges for its complaint against

defendants N and M Food Wholesale Supply, Inc. ("N&M"), Ahmed Omar, Elsayed Halim, and

Ashraf Mousa (collectively, "Defendants") as follows:

<u>**INTRODUCTION**</u>

        1.      The Poultry Products Inspection Act (the "PPIA"), 21 U.S.C. § 451 *et seq.,* protects

the public health by imposing strict requirements on food suppliers regarding the inspection,

preparation, labeling, and packaging of poultry and poultry products. These requirements enable

consumers to have confidence that the poultry and poultry products they purchase and consume

are wholesome and unadulterated, and the packaging and labeling requirements allow public health officials to trace food safety problems to their source.

2.      From 2018 to the present, Defendants have repeatedly violated the PPIA by preparing, offering for sale and transportation, and selling poultry products that have been misbranded and have not been federally inspected.  A United States Department of Agriculture ("USDA") investigation has uncovered over 900 pounds of such products.  On multiple occasions, Defendants have prepared marinated chicken kebab skewers in a processing room in N&M's warehouse, without federal inspection or proper labelling.  These products are prepared for sale to N&M's customers, including food cart owners, who sell the chicken to retail consumers. Defendants have also repeatedly violated the PPIA by failing to maintain records that fully and accurately disclose all related business transactions.

3.      Despite repeated notices from the USDA, Defendants have continued to violate the PPIA.  Their ongoing conduct poses a public health risk.

4.      Accordingly, the United States brings this civil action to enjoin Defendants from future violations of the PPIA.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this action pursuant to 21 U.S.C. § 467c and 28 U.S.C. §§ 1331, 1337, and 1345.

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims in this action occurred in this district and Defendant N&M has its principal place of business in New York, New York, within the Southern District of New York.

## THE PARTIES

7.     Plaintiff is the United States of America, on behalf of its agency, the USDA.

8.     Defendant N&M is a corporation organized under the laws of the State of New York.  Its principal place of business is located at 604 West 47th Street, New York, NY 10036.

9.     Defendant Ahmed Omar is an officer of N&M with an ownership interest in the corporation.

10.     Defendant Elsayed Halim is an officer of N&M with an ownership interest in the corporation.

11.     Defendant Ashraf Mousa is an officer of N&M with an ownership interest in the corporation.

12.     Defendants are and have been engaged in the business of preparing and selling, among other things, poultry products in the State of New York, within the jurisdiction of this Court.

## STATUTORY AND REGULATORY BACKGROUND

13.     The PPIA grants the Secretary of the USDA the power to regulate and inspect poultry and poultry products distributed in interstate or foreign commerce.  21 U.S.C. §§ 451, 452, and 455.

14.     Poultry operations and transactions wholly within a state may be regulated if a state is designated by the Secretary as one governed by its provisions.  21 U.S.C. § 454.  Pursuant to the Secretary's designation, the relevant requirements of the PPIA are applicable to intrastate operations and transactions in New York State.  *See* 9 C.F.R. § 381.221 (designating New York for intrastate application of sections 1 through 4 (21 U.S.C. §§ 451-53), 6 through 10 (21 U.S.C. §§ 455-59), and 12 through 22 (21 U.S.C. §§ 461-467(d)) of the PPIA); 9 C.F.R. § 381.224

(designating New York for application of 21 U.S.C. § 460(b)-(c) of the PPIA to operators engaged in specified types of business).

**Inspection**

15.     Section 9 of the PPIA provides for inspection of establishments that handle poultry or poultry products.  21 U.S.C. § 458.  The statute prohibits selling, transporting, or offering for sale or transportation any poultry products that have not passed this required inspection.  21 U.S.C. § 458(a)(2)(B).  Further, the PPIA prohibits knowingly representing that any poultry product has been inspected and passed, or exempted from inspection, when it has not been.  21 U.S.C. § 458(c)(6).

16.     The PPIA exempts from USDA inspection certain poultry processing at a retail location, but that exemption applies only to retail firms so long as the poultry products are, among other requirements, not adulterated or misbranded and sold to consumers in normal retail quantities.  21 U.S.C. §§ 454(c)(2), 464(a)(1); 9 C.F.R. § 381.10.

**Adulteration and Misbranding**

17.     The PPIA also prohibits any actions that are intended to cause or have the effect of causing poultry products to be "adulterated or misbranded."  21 U.S.C. § 458(a)(3).  It also prohibits the sale or offer for sale of any poultry products that are adulterated or misbranded at the time of such sale or offer for sale.  21 U.S.C. § 458(a)(2)(A).  A poultry product is "misbranded" if "its labeling is false or misleading in any particular," 21 U.S.C. § 453(h)(1), if it does not bear a label showing "the name and the place of business of the manufacturer, packer, or distributor" and "an accurate statement of the quantity of the product in terms of weight, measure, or numerical count," 21 U.S.C. § 453(h)(5), or if it fails to bear "the official inspection legend and official

establishment number of the establishment where the article was processed," 21 U.S.C. § 453(h)(12).

18.     The PPIA further prohibits unauthorized use of any official device, mark, or certificate, as well as alteration, detachment, defacing or destruction of any official device, mark, or certificate.  21 U.S.C. § 458(c)(2), (3).

19.     Regulations promulgated by the USDA include additional labeling requirements. *See*  9 C.F.R. Part 381, Subpart N.

**Recordkeeping**

20.     The PPIA further requires that any person engaged in the business of processing or buying and selling poultry or poultry products must "keep such records as are properly necessary" for effective enforcement of the PPIA.  21 U.S.C. § 460(b).

<u>**DEFENDANTS' VIOLATIONS OF THE PPIA**</u>

21.     Defendant N&M is a wholesale distributor of meat, poultry, and other goods and a mobile food cart garage.  It does not operate under a grant of federal inspection to process poultry products.  N&M's customers, including food cart owners, purchase poultry products from N&M for sale to retail customers.

22.     Defendants have repeatedly violated the PPIA by selling or offering for sale poultry products that were misbranded and not subject to federal inspection.  Further, on multiple occasions, Defendants have processed poultry in their warehouse and offered the resulting products for sale to wholesale customers, without federal inspection or proper labeling.

23.     On or about November 12, 2018, N&M purchased approximately 375 pounds of non-federally inspected chicken shish kebabs, which it offered for sale. N&M sold approximately 165 pounds to wholesale customers.  N&M also failed to maintain related records.  On March 11,

2019, the USDA's Food Safety and Inspection Service ("FSIS") issued a Notice of Warning to N&M for this violation of the PPIA.

24.     On or about August 26, 2020, N&M prepared approximately 240 pounds of marinated chicken skewers without the benefit of federal inspection and offered this product for sale to wholesale customers without any labeling.  Once again, N&M failed to maintain relevant records regarding its business transactions.  FSIS issued a second Notice of Warning to N&M on September 21, 2020.

25.     On or about February 10, 2021, N&M received and offered for sale approximately 30 pounds of non-federally inspected poultry products.  FSIS issued a third Notice of Warning to N&M on April 21, 2021.

26.     On or about May 23, 2021, N&M again prepared chicken skewers for sale to its customers without federal inspection.  Specifically, N&M removed approximately 280 pounds of purchased, federally-inspected chicken leg meat from packaging and, in its warehouse, cut and trimmed the fat, marinated the chicken pieces, and skewered each piece.  N&M then wrapped the skewered chicken pieces in plastic wrap and placed them back in their original boxes bearing marks of federal inspection, as pictured below.



N&M offered this poultry product for sale to wholesale customers.

27.     On or about May 24, 2021, FSIS became aware of this violation while performing enforcement follow up surveillance activities.  In addition to the misbranded poultry product offered for sale, an FSIS member observed the existence of a processing room, pictured below, as well as processing supplies, such as spices and plastic wrap.



28.     On May 24 and May 25, 2021, the FSIS investigator discussed these PPIA violations with Mr. Omar.  On or about May 24, 2021, N&M voluntarily destroyed the approximately 280 pounds of processed, mislabeled poultry.

29.     On May 25, 2021, Mr. Omar signed a written statement in which he acknowledged that N&M had used purchased chicken leg meat to make marinated chicken kebab skewers, which it offered for sale in the original boxes without the benefit of federal inspection.  Mr. Omar further

acknowledged that the N&M warehouse contains a processing room used to prepare poultry products for sale without the benefit of federal inspection, and that such poultry products have been prepared in the warehouse for years.

30.     On June 21, 2021, the USDA sent a Notice of Alleged Violation letter to N&M, with a copy to the attention of each individual defendant.  The Notice informed N&M that the USDA was considering enforcement action as a result of N&M's violation history, including the May 2021 violation, which involved processing poultry products without the benefit of federal inspection, causing them to become misbranded, and offering the misbranded and uninspected product for sale and transportation, in violation of the PPIA, 21 U.S.C. § 458(a).  The Notice invited N&M to present its views before referral of the matter to the Department of Justice for legal action.  None of the defendants responded, either orally or in writing.

31.     Each instance of N&M's processing or sale of uninspected or misbranded poultry products constitutes a violation of the PPIA.

## COUNT I:
## RELIEF FOR VIOLATIONS OF PPIA
## (21 U.S.C § 467c)

32.     The United States repeats and realleges the allegations in paragraphs 1 through 31 with the same force and effect as if set forth fully herein.

33.     Section 21 of the PPIA, 21 U.S.C. § 467c, provides that "[t]he United States district courts . . . are vested with jurisdiction specifically to enforce, and to prevent and restrain violations of, this chapter, and shall have jurisdiction in all other kinds of cases arising under this chapter, except as provided in section 457(d) or 467 of this title."

34.     On or about November 12, 2018, August 26, 2020, February 10, 2021, and May 24, 2021, N&M sold, or offered for sale, poultry products in violation of 21 U.S.C. § 458(a) because the poultry products had not been federally inspected and had not passed inspection, as required

by the PPIA.  On two of these occasions (on or about August 26, 2020, and May 24, 2021), N&M processed poultry products without the benefit of inspection prior to offering them for sale, in further violation of 21 U.S.C. § 458(a).

35.     On or about May 24, 2021, N&M sold, or offered for sale, poultry products in mislabeled boxes that falsely indicated that the contents had been inspected, in violation of 21 U.S.C. 458(a) and 21 U.S.C. 458(c).

36.     Such preparation and sale of poultry products did not occur under any exemption from the PPIA.  *See* 21 U.S.C. § 464.

37.     Defendants have failed to maintain records that fully and correctly disclose all business transactions, in violation of 21 U.S.C. § 460(b).

38.     Accordingly, plaintiff United States of America is entitled to a permanent injunction to enforce the PPIA, and to prevent and restrain N&M from continuing to violate the PPIA.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, the United States respectfully requests that this Court grant the following relief:

a.   A permanent injunction compelling Defendants and all of their directors, officers, agents, servants, representatives, employees, successors, or assigns, and any and all persons in active concert or participation with them, directly or indirectly, to comply with all applicable requirements of the PPIA, as well as the regulations promulgated thereunder, including but not limited to those requirements and regulations:

     i.  prohibiting the processing, offering for sale, transportation, and sale of uninspected poultry and poultry products required to be inspected and passed by the USDA;

    ii.  prohibiting the processing, offering for sale, transportation, and sale of misbranded poultry and poultry products; and

   iii.  requiring the maintenance of records as required by the PPIA; and

b.  An order granting the United States its costs and disbursements of this action and such other and further relief as this Court deems just and proper.

Dated: May 25, 2023               DAMIAN WILLIAMS
      New York, New York         United States Attorney for the
                                    Southern District of New York
                                    *Attorney for the United States of America*

                  By:    */s/ Mollie Kornreich*
                           MOLLIE KORNREICH
                           Assistant United States Attorney
                           86 Chambers Street, 3rd Floor
                           New York, New York 10007
                           Tel.: (212) 637-3274
                           Email:  mollie.kornreich@usdoj.gov