DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By: MOLLIE KORNREICH
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-3274
Fax: (212) 637-2786
Email: mollie.kornreich@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                      v.<br><br>N and M FOOD WHOLESALE SUPPLY, INC., d/b/a N&M FOOD WHOLESALE SUPPLY, INC., AHMED OMAR, ELSAYED HALIM, and ASHRAF MOUSA,<br><br>                              Defendants. | No. 23 Civ. 04386<br><br>**CONSENT DECREE** |

WHEREAS, on May 25, 2023, Plaintiff the United States of America (the "United States"), acting on behalf of the United States Department of Agriculture ("USDA"), filed a complaint for injunctive relief (the "Complaint") against Defendants N and M Food Wholesale Supply, Inc., d/b/a N&M Food Wholesale Supply, Inc. ("N&M"), Ahmed Omar, Elsayed Halim, and Ashraf Mousa (collectively, "Defendants") alleging that Defendants have violated, and threaten to violate in the future, the Poultry Products Inspection Act, as amended, 21 U.S.C. § 451 *et seq.* ("PPIA");

WHEREAS the United States and Defendants (collectively, the "Parties") agree, and the Court by entering this Consent Decree finds, that this Consent Decree is fair, reasonable, and in the public interest; and

NOW, THEREFORE, with the consent of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 21 U.S.C. § 467c and 28 U.S.C. §§ 1331 and 1345, and personal jurisdiction over all the Parties to this action.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

## ADMISSIONS

3. Defendants admit, acknowledge, and accept responsibility for the following:

   a. Defendant N&M is a wholesale distributor of meat, poultry, and other goods and operates a mobile food cart garage. It is incorporated in the State of New York, and its principal place of business is located at 604 West 47th Street, New York, NY 10036.

   b. Defendants Ahmed Omar, Elsayed Halim, and Ashraf Mousa are officers and share ownership of N&M.

   c. Defendants have repeatedly sold or offered for sale non-federally inspected and misbranded poultry products to wholesale customers, in violation of the PPIA. Among other instances, on or about November 12, 2018, August 26, 2020, February 10, 2021, and May 24, 2021, Defendants processed, sold, and/or offered for sale non-federally inspected poultry products. On at least one occasion, the poultry product was also misbranded and falsely marked as federally inspected.

## INJUNCTIVE RELIEF

4. ***Compliance with PPIA.*** Defendants and each and all of their directors, officers, agents, servants, representatives, employees, successors, or assigns, and any and all persons in

2

active concert or participation with them, directly or indirectly, who received actual notice of this Consent Decree by personal service or otherwise, are hereby permanently restrained and enjoined from:

    a.    selling, transporting, offering for sale or transportation, or receiving for transportation, any poultry or poultry products required to be inspected and passed by the USDA that have not been inspected and passed by USDA federal inspectors;

    b.    preparing or processing poultry or poultry products in unsanitary conditions;

    c.    selling or offering for sale mislabeled or unlabeled poultry or poultry products, or any poultry or poultry products that do not meet the PPIA's labeling and container standards;

    d.    not keeping such records as will fully and correctly disclose the purchase, receipt, offer for sale, sale, transport, and any other transaction regarding any poultry or poultry products involved in their business; and

    e.    engaging in any other conduct that would violate the PPIA and/or the regulations promulgated thereunder.

5.    ***Recordkeeping.***  Defendants must maintain, for each product containing poultry or poultry products, business records of all transactions involving poultry or poultry products. Such business records shall include, but are not limited to, documents showing the amounts of poultry or poultry products purchased by Defendants and receipts for such purchases and the amounts of poultry or poultry products sold by Defendants to customers and receipts for such sales, as well as such other records set out at 9 C.F.R. §§ 320.1, 381.175. Defendants must maintain each record

for a period of not less than three (3) years from the date of origination of such record. These records must be maintained at Defendants' establishment or facility.

6. ***Federal Grant of Inspection.*** In the event that Defendants perform or intend to perform operations which require a federal grant of inspection under the PPIA, in order to be issued a grant of federal inspection and commence operations under such grant, including slaughtering, preparing, processing, selling, transporting, offering for sale or transportation, or receiving for transportation poultry or poultry products, Defendant must demonstrate, subject to review and verification by the USDA's Food Safety and Inspection Service ("FSIS"), compliance with all FSIS statutory and regulatory requirements, including but not limited to 9 C.F.R. Parts 381, 416, 417, and 418. FSIS's review and verification will include an examination of Defendant's establishment, facilities, operations, and equipment, as well as Defendants' written Hazard Analysis and Critical Control Point program, Sanitation Performance Standards, Sanitation Standard Operating Procedures, and other food safety programs required by FSIS regulation.

7. ***Compliance with Regulations.*** Defendants agree to comply at all times with all applicable requirements of the PPIA (21 U.S.C. § 451 *et seq.*), the regulations promulgated thereunder, and Title 1, Part 271 of the Official Compilation of Codes, Rules & Regulations of the State of New York.

8. ***Mandatory Training.*** Within sixty (60) days of the date of the entry of this Consent Decree by the Court, Defendants and all of their employees must complete training and education in the PPIA statute and regulations, including requirements regarding labeling, sanitation, food safety, and product handling. Defendants must submit a written description of the training and educational program they propose to implement, along with a copy of all training and educational materials, delivery methods, and training schedules, no later than twenty (20) days prior to

4

conducting such training and instruction to the FSIS Enforcement Operations Staff ("EOS") Director for review and approval. Defendants must implement this training for all new employees within five (5) working days of their commencement of employment. Defendants and their employees must also undergo training and education in the PPIA statute and regulations, including requirements regarding labeling, sanitation, food safety, and product handling procedures, on an annual basis, and must ensure that adequate records of such training and educational programs are available to FSIS personnel for review and/or copying immediately upon request.

9. *Access; Seizure.* Defendants must, at all reasonable times, afford duly authorized representatives of the USDA full access to Defendants' establishment, if operating pursuant to a federal grant of inspection. "Full access" includes full and unimpeded opportunity to inspect and examine Defendants' establishment or facility, operations, equipment, inventory, and records; to copy all such records; and to take reasonable samples of inventory. "All reasonable times" means any hours during which Defendants are doing business at Defendants' establishment, including hours before dawn where applicable. Additionally, authorized representatives of the USDA shall have the right to seize and destroy any and all misbranded or uninspected poultry or poultry products in accordance with applicable laws, regulations, and USDA Food Safety Inspection Service directives.

10. *Business Changes.* Defendants shall notify the United States in writing at least twenty (20) days before any change or cessation in ownership or character of their business, such as assignment or sale resulting in the creation or emergence of a successor corporation or business entity, the creation or dissolution of subsidiaries, change or alteration of the business form or name, or any other change in their business structure that may have an effect upon Defendants' compliance with the terms of this Consent Decree. No transfer of ownership or operation of N&M

5

shall relieve Defendants of their obligation to ensure that the terms of the Consent Decree are implemented, and at least twenty (20) days prior to any such transfer, Defendants shall provide a copy of this Consent Decree to the proposed transferee.

11. ***Related Entities; Other Operations.*** By signing this Consent Decree, each Defendant certifies that such Defendant has disclosed to counsel for Plaintiff each business entity engaged in poultry processing or sale in which that Defendant has an ownership interest or an operational role. In the event that a Defendant acquires an additional ownership interest or begins an operational role in such business entity after the execution of this Consent Decree, such Defendant will notify counsel for Plaintiff of such business entity and interest or role within fifteen (15) days.

12. ***Violation of Sale Requirements.*** If Defendants fail to comply with the applicable sales restrictions of Paragraph 4(a) of this Consent Decree, Defendants agree to the following relief:

    a. for the first violation, Defendants agree to pay to the United States a civil penalty of $500.00 per pound, or portion thereof, of poultry or poultry products sold;

    b. for every violation thereafter, Defendants agree to pay to the United States a civil penalty of $1,000.00 per pound, or portion thereof, of poultry or poultry products sold.

13. ***Violation of Other Requirements.*** If Defendants fail to comply with any applicable requirement of the PPIA and its regulations or with the requirements of this Consent Decree other than violations of the sales restrictions under Paragraph 4(a)—including, but not limited to, violations of Paragraph 4(b)-(e) and Paragraph 5—Defendants agree to the following relief:

   a. for the first violation, Defendants agree to pay to the United States a civil penalty of $500.00;

   b. for the second violation, Defendants agree to pay to the United States a civil penalty of $1,000.00; and

   c. for every violation thereafter, Defendants agree to pay to the United States a civil penalty of $2,500.00.

14. ***Serious or Repeat Violations.*** The amounts set forth in Paragraphs 12 and 13 shall be separate and apart from any other remedy that the United States may pursue for violations of this Consent Decree. Should enforcement proceedings beyond this Consent Decree be necessary, Defendants agree that the United States shall be entitled to recover from Defendants all reasonable costs and expenses incurred by the United States in such proceedings, including the fees, expenses, and costs described in Paragraph 19 below. If Defendants commit any serious violations of the PPIA or its regulations, or commit four or more violations of a similar type of the PPIA or its regulations concerning (a) preparing, processing, or otherwise operating under unsanitary conditions; (b) selling, transporting, offering for sale or transportation, or receiving for transportation adulterated poultry or poultry products and/or misbranded poultry or poultry products; (c) processing any poultry or poultry products, capable of use as human food, except in compliance with the PPIA; (d) selling, transporting, offering for sale or transporting, or receiving for transportation non-federally inspected poultry or poultry products, when the PPIA requires inspection of such poultry or poultry products; or (e) operating without appropriate license(s) from the New York State Department of Agriculture & Markets or other appropriate state or local agency; then the USDA may summarily terminate Defendants' exempt status pursuant to 21

7

U.S.C. § 464(f) and 9 C.F.R. § 381.13, or summarily withdraw any grant of federal inspection pursuant to 21 U.S.C. § 467 and 9 C.F.R. Part 500, as applicable.

15. ***Judicial Review.*** If Defendants disagree with a determination made by the USDA pursuant to Paragraphs 12 to 14 of this Consent Decree, they may petition the Court for an independent review of the USDA's determination(s). Any such petition must be filed within thirty (30) days of the USDA's determination(s) for which review is sought. In reviewing the USDA's determination(s), the Court will apply the same standard of review applicable to review of final agency action under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* Review shall be based exclusively on the written record before the USDA at the time the decision was made. No discovery shall be taken by either party. In the absence of a timely petition for review, the USDA's determination(s) will become final and unreviewable. Defendants shall be liable for such relief as the Court deems appropriate in a proceeding brought either *sua sponte* or by the United States, for any failure to comply with any terms of this Consent Decree.

16. ***Other Rights and Remedies.*** This Consent Decree does not limit any rights or remedies available to the United States for any violation of the PPIA and its associated regulations, or any rights or remedies available to the United States for any criminal violations. Defendants hereby waive and shall not assert any defenses they may have to any criminal prosecution or administrative action relating to violations of this Consent Decree that may be based in whole or in part on a contention that, under the Double Jeopardy Clause of the Fifth Amendment to the Constitution, the Excessive Fines Clause of the Eighth Amendment to the Constitution, any statute of limitations, or the doctrine of laches, this Consent Decree bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Consent Decree constitutes an agreement by the United States concerning the characterization of

8

payments from Defendants to the United States for purposes of the Internal Revenue laws, Title 26 of the United States Code.

17. ***Future Regulatory or Administrative Actions.*** The Parties agree that nothing in this Consent Decree shall preclude any future regulatory or administrative action authorized by law, regulation or otherwise, including, but not limited to the referral of any matter to any agency for possible criminal, civil, or administrative proceedings.

18. ***Communications.*** Notwithstanding Defendants' representation by counsel in this matter, after entry of this Consent Decree, USDA staff and attorneys are authorized to communicate with N&M and its employees, officers, and agents, without counsel present and without notice to counsel, as part of any investigation of potential violations of the Consent Decree. United States Attorney's Office attorneys are authorized to cause such communications to happen and to counsel USDA staff and attorneys on such communications. Counsel for Defendants, by executing this Consent Decree, both consents to such contacts and acknowledges that they are authorized by law.

19. ***Contempt.*** Should the United States bring and prevail in a contempt action to enforce the terms of this Decree, Defendants shall, in addition to other remedies, reimburse the United States for its reasonable attorneys' fees, travel expenses incurred by attorneys and witnesses, expert witness fees, administrative and court costs, investigation and analytical expenses incurred in bringing the contempt action, and any other costs or fees related to the contempt proceedings.

20. ***Termination.*** After Defendants have maintained continuous satisfactory compliance with all requirements of this Consent Decree, as well as all applicable provisions of the PPIA, for a period of three (3) years following the entry of the Consent Decree, Defendants

may serve upon the United States a request for termination of the Consent Decree ("Request for Termination"), explaining how Defendants have satisfactorily complied with all such requirements, together with all necessary supporting documents. The Parties shall thereafter confer informally concerning the Request for Termination and any disagreement that the Parties may have as to whether Defendants have satisfactorily complied with the requirements for termination of the Consent Decree. If the United States agrees that the Consent Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Consent Decree. If the United States does not agree that the Consent Decree may be terminated, Defendants may file a motion with this Court seeking relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, provided, however, that Defendants will not file any such motion until sixty (60) days after service of the Request for Termination on the United States. Defendants must bear the burden of demonstrating to the Court that they have satisfactorily complied with all requirements of the Consent Decree and applicable provisions of the PPIA and that there is good cause to terminate the Consent Decree under Rule 60(b).

21.   ***Provision of Copies; Declaration of Compliance.*** Defendants must provide a copy of this Consent Decree to each of their officers, directors, and employees within ten (10) days of the date of entry of this Consent Decree and must promptly thereafter provide undersigned counsel for the United States with a sworn declaration of compliance that contains the information set forth below. The sworn declaration must set forth the fact and manner of compliance with this paragraph and must identify the name and position of each person to whom a copy of this Consent Decree was provided. If the person does not have a formal title, the sworn declaration must set forth after such person's name the function that such person performs.

22. **Fees and Costs.** Except as otherwise provided in this Consent Decree, each party shall bear its own costs and attorney's fees.

23. **Service.** For purposes of this Consent Decree, service upon the USDA (in particular the Enforcement Operations Staff Director) and the United States must be accomplished by overnight delivery using a private carrier, *e.g.*, Federal Express or United States Postal Service certified mail with return receipt, and shall be made to the following addresses:

> For the USDA:
>
> United States Department of Agriculture
> Food Safety and Inspection Service
> Office of Investigation, Enforcement and Audit
> Attention: Director, Enforcement Operations Staff
> 1400 Independence Avenue, Stop Code 3753
> Washington, DC 20250
>
> For the United States:
>
> United States Attorney's Office
> Southern District of New York
> Attn: Assistant U.S. Attorney Mollie Kornreich
> 86 Chambers Street, 3rd Floor
> New York, NY 10007

24. **Payments.** If Defendants are required to make any payment pursuant to this Consent Decree, Defendants will make such payment by electronic funds transfer pursuant to written instructions to be provided by the United States.

25. **Effective Date.** The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

26. **Jurisdiction.** The Court retains jurisdiction to issue further decrees and orders as may be necessary to construe, carry out, modify, or enforce compliance with this Consent Decree.

So ordered.

*[signature]*
5/24/23

11

Dated: May 24, 2023
New York, New York

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

By: _____
MOLLIE KORNREICH
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-3274
E-mail: mollie.kornreich@usdoj.gov

Dated: 5/4/2023
New York, New York

THE LAW OFFICES OF
CHHUTRY & ASSOCIATES, P.C.
*Attorney for N and M Food Wholesale Supply, Inc.*

By: _____
KHAGENDRA GHARTI-CHHETRY, Esq.
Attorney at law
363 7th Avenue, 15th Floor
New York, New York 10001
Tel.: (212) 947-1079
E-mail: kc@chhetrylaw.com

Dated: 05-03-2023
New York, New York

N and M FOOD WHOLESALE SUPPLY, INC.

By: _____
AHMED OMAR
*For N and M Food Wholesale Supply, Inc. and in an Individual Capacity*

By: _____
ELSAYED HALIM
*For N and M Food Wholesale Supply, Inc. and in an Individual Capacity*

By: _____
ASHRAF MOUSA
*For N and M Food Wholesale Supply, Inc. and in an Individual Capacity*

12